Herman Stiefel, for appellant.

Edward A. Alexander, for respondent.

O'GORMAN, J.   The by-laws of the defendant's association provided that, on the death of any member who is not disqualified by sections 57 to 69 of the same, the lodge will pay to his widow the sum of $100.   Plaintiff's husband died on February 17, 1900, and it is conceded that no dues were paid by him from the 30th of the preceding June.   The only section of the by-laws invoked by the defendant to sustain its contention that the decedent was disqualified at the time of his death is section 58, which provides:

"Any member whose dues remain unpaid for thirteen weeks shall be allowed until the following meeting after said thirteen weeks time to pay the same, and, if not then paid, shall not be entitled to receive the benefits of this lodge until four weeks after paying the same."

It is evident that two things must concur to deprive a member of the benefits of the association under this provision of the by-laws: First, he must be in arrears in the payment of his dues for 13 weeks; and, secondly, he must fail to pay such arrears by the next succeeding meeting.   The disqualification is not effected by the member being 13 weeks in arrears, but by his neglect to pay the same by the following meeting.   There is no evidence in the case showing that any meeting has taken place since the decedent became indebted for the 13 weeks, and that was part of the defendant's case.   It being conceded that the deceased was a member of the defendant's lodge at the time of his death, the burden was on the defendant to establish the violation or neglect of some law by which the rights of the plaintiff's deceased were impaired or forfeited.   Elmer v. Association (Sup.) 19 N. Y. Supp. 289, affirmed in 138 N. Y. 642, 34 N. E. 512; Demings v. Supreme Lodge, 60 Hun, 350, 14 N. Y. Supp. 834; Meagher v. Life Union, 65 Hun, 358, 20 N. Y. Supp. 247.   It was correctly held, therefore, that the defense was not established, and the judgment for the plaintiff must be affirmed.

Judgment affirmed, with costs.

---

MOSCHOWITZ et al. v. FLINT.

(Supreme Court, Appellate Term.   December 26, 1900.)

CONTRACTS—EXPERT WITNESSES—EVIDENCE.
    In an action to recover for services rendered in altering a coat, evidence of an expert called by plaintiffs as to "what would be the proper way to alter the coat, assuming that it was old and decayed in certain parts," was competent.

Appeal from municipal court, borough of Manhattan.

Action by Moschowitz Bros. against Emma N. Flint.   From a judgment for defendant, plaintiffs appeal.   Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Leopold Moschowitz, for appellants.

Edward J. Newell, for respondent.

GIEGERICH, J.   The action is to recover the sum of $66 for services performed and materials furnished in making over an old-fashioned Persian lamb coat into an Eton short coat of later fashion. The answer sets up by way of defense and counterclaim that in making the alterations a large and valuable part of the fur of the original garment was cut off and retained by the plaintiffs, contrary to special agreement alleged to have been made between the parties litigant, to the effect that the plaintiffs should return to the defendant all portions of such fur as should not be necessarily used in the alteration of the garment.   The testimony offered by the defendant tended to show that the coat was in good condition when delivered to the plaintiffs, and that the latter's workmen cut away the bottom of it.   The evidence produced in plaintiffs' behalf, on the other hand, was to the effect that the coat was old and worn out in certain parts,—under the arms and on the shoulders,—and that the proper way of altering such a coat into an Eton coat was by raising it up under the arms, and not by cutting away the bottom. Nathan Greenberger, a witness called by the plaintiffs, after qualifying as an expert, was asked this question:

"Assuming that this garment that was made over by the plaintiff was in an old, decayed condition at certain parts,—under the arms and on the shoulders, —what would be the proper way of altering it into a short Eton coat?"

This was objected to by the defendant's counsel.   The objection was sustained, and the plaintiffs noted an exception.   It was competent for the expert to give his opinion as to the manner in which the coat ought to have been altered.   Conrad v. Trustees, 16 N. Y. 158, 173; Ward v. Kilpatrick, 85 N. Y. 413, 416; Jones, Ev. § 382; Abb. Tr. Ev. (2d Ed.) p. 720.   Such testimony, if admitted, would have strengthened the plaintiffs' contention with respect to the proper mode of making the alterations, and hence its exclusion was error calling for a reversal of the judgment.

The judgment should be reversed, and a new trial ordered, with costs to the appellants to abide the event. · All concur.

---

## LEVY v. TEMERSON.

(Supreme Court, Appellate Term.   December 26, 1900.)

ACTION ON DISHONORED CHECK BY INDORSEE—PAYMENT TO INDORSER—MATERIALITY.

Where, in an action by the indorsee of a check against the drawer, on account of its being dishonored, there is no evidence that plaintiff ever authorized the indorsers to receive payment of the check as plaintiff's agent, or that he was ever apprised of the fact that an alleged payment to them had been made by the drawer, plaintiff's rights were not affected thereby.

Appeal from municipal court, borough of Manhattan.

Action by Max Levy against Morris Temerson.   From a judgment for plaintiff, defendant appeals.   Affirmed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.